John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

*Counsel for Lead Plaintiff-Movants*
*Stefano Branca and Giuliana Mollo*

[Additional Counsel on Signature Page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEIFA XU, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FIBROGEN, INC., ENRIQUE CONTERNO JAMES SCHOENECK, and K. PEONY YU, <br><br> Defendants. | No. 3:21-cv-02623-EMC <br><br> **NOTICE OF MOTION AND MOTION OF STEFANO BRANCA AND GIULIANA MOLLO FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF** |
| ROBERT GUTMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FIBROGEN, INC. ENRIQUE CONTERNO, and JAMES SCHOENECK, <br><br> Defendants. | No. 4:21-cv-02725-YGR |

*Caption continued on following page.*

NOTICE OF MOTION AND MOTION OF STEFANO BRANCA AND GIULIANA MOLLO FOR
CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION
OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

| | |
|---|---|
| CESARE GRAZIOLI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIBROGEN, INC., ENRIQUE CONTERNO JAMES SCHOENECK, and K. PEONY YU,<br><br>Defendants. | No. 3:21-cv-03212-CRB |
| IBEW LOCAL 353 PENSION PLAN, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIBROGEN, INC. ENRIQUE CONTERNO, JAMES A. SCHOENECK, and K. PEONY YU,<br><br>Defendants. | No. 3:21-cv-03396-EJD |
| THOMAS LEONARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIBROGEN, INC., ENRIQUE CONTERNO JAMES SCHOENECK, and K. PEONY YU,<br><br>Defendants. | No. 3:21-cv-03370-EMC |

NOTICE OF MOTION AND MOTION OF STEFANO BRANCA AND GIULIANA MOLLO FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................................1

II.     FACTUAL BACKGROUND...............................................................................................2

III.    ARGUMENT ........................................................................................................................3

        A.      The Above-Captioned Cases Should Be Consolidated...........................................3

        B.      Movants Should Be Appointed Co-Lead Plaintiffs ...............................................4

                1.      Movants' Motion Is Timely .................................................................... 4

                2.      Movants Have the Largest Financial Stake in the Relief Sought by
                        the Class .................................................................................................. 4

                3.      Movants Are Otherwise Qualified Under Rule 23 ................................. 5

        C.      The Court Should Approve Movants' Choice of Counsel.......................................7

IV.     CONCLUSION.....................................................................................................................8

NOTICE OF MOTION AND MOTION OF STEFANO BRANCA AND GIULIANA MOLLO FOR
CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION
OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) ........................................................................................................7

*Cornwell v. Credit Suisse Grp.*,
2011 WL 13263367 (S.D.N.Y. July 20, 2011) ..............................................................................8

*Dolan v. Axis Capital Holdings Ltd.*,
No. 04 Civ. 8564, 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) ...................................................3

*Feyko v. Yuhe Int'l Inc.*,
No. CV 11-05511, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ...................................................5

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...............................................................................................1, 5, 7

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001).........................................................................................................7

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..............................................................................................5

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990).......................................................................................................3

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) .......................................................................................5

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
No. 13-cv-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) ..................................3, 4

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)........................................5

*Russo v. Finisair Corp.*,
No. 5:CV 11-01252-EJD, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ...................................6

*Weltz v. Lee*,
199 F.R.D 129 (S.D.N.Y. 2001) ...................................................................................................3

*Westley v. Oclaro, Inc.*,
No. C-11-2448 EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) .........................................6

NOTICE OF MOTION AND MOTION OF STEFANO BRANCA AND GIULIANA MOLLO FOR
CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION
OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

**Statutes, Rules, and Regulations**

15 U.S.C.
§78u-4(a)(3)(A)(i)................................................................................................................4
§78u-4(a)(3)(A)(i)(II) ........................................................................................................4
§78u-4(a)(3)(A)-(B)............................................................................................................4
§78u-4(a)(3)(B)(i) ..............................................................................................................5
§78u-4(a)(3)(B)(iii)............................................................................................................1
§78u-4(a)(3)(B)(iii)(I)(bb) ................................................................................................5
§78u-4(a)(3)(B)(iii)(I)(cc)..................................................................................................5
§78u-4(a)(3)(B)(iii)(II)(aa) ................................................................................................7
§78u-4(a)(3)(B)(v)......................................................................................................1, 2, 7

Federal Rules of Civil Procedure
Rule 23 .................................................................................................... *passim*
Rule 23(a).....................................................................................................................5, 6
Rule 23(a)(3) ......................................................................................................................6
Rule 42(a)..................................................................................................................1, 3, 4

**Other Authorities**

NEWBERG ON CLASS ACTIONS
§3:13 (4th ed. 2008)............................................................................................................6

NOTICE OF MOTION AND MOTION OF STEFANO BRANCA AND GIULIANA MOLLO FOR
CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION
OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

## NOTICE OF MOTION AND MOTION

TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Co-Lead Plaintiffs-Movants Stefano Branca ("Branca") and Giuliana ("Mollo") (together, "Movants"), by and through their undersigned counsel, hereby move this Court before the Honorable Edward M. Chen in Courtroom 5, 17th Floor, of the U.S. District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, on July 22, 2021, at 1:30p.m., or as soon thereafter as the matter may be heard, for the entry of an order: (1) consolidating the above-captioned actions; (2) appointing Branca and Mollo as Co-Lead Plaintiffs for the putative Class, pursuant to §21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) approving Movants' selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class.

This motion is made on the grounds that Movants timely filed this motion and are the "most adequate plaintiff[s]."  Based on the information presently available, Movants have the largest financial interest in the relief sought by the Class amongst movants for lead plaintiff, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as their claims are typical of the claims of the Class, and they will fairly and adequately represent the interests of the Class.  In addition, Movants have selected and retained Scott+Scott, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel.

This motion is based on this notice of motion and memorandum of points and authorities herein, the Declaration of John T. Jasnoch ("Jasnoch Decl.") filed concurrently herewith and in support hereof, including Exhibits A-E attached thereto, the pleadings and other files and records previously entered in these actions, and such other written or oral argument as may be presented to the Court.

**STATEMENT OF THE ISSUES TO BE DECIDED**

1.    Whether the Court should consolidate the above-captioned actions pursuant to Fed. R. Civ. P. 42(a) ("Rule 42(a)");

2.    Whether the Court should appoint Branca and Mollo as Co-Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.    Whether the Court should approve Movants' selection of Scott+Scott as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The five above-captioned related cases (the "Actions") are securities class actions brought on behalf of all those who purchased securities of FibroGen Inc. ("FibroGen" or the "Company") and suffered damages when the truth was revealed on April 6, 2021 about the Company's misstatements.  Movants purchased FibroGen common stock and suffered significant damages as a result of the fraud alleged in the Actions.  Movants respectfully submit this memorandum of points and authorities in support of their motion for: (1) consolidation of the above-captioned actions; (2) appointment as Co-Lead Plaintiffs pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA; and (3) approval of their selection of Scott+Scott to serve as Lead Counsel for the putative Class.  The five above-captioned cases are substantially similar and should be consolidated and proceed together.

The PSLRA provides that the Court is to appoint as lead plaintiff the member of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23.  15 U.S.C. §78u-4(a)(3)(B)(iii).  As demonstrated below, Movants should be appointed to serve as Co-Lead Plaintiffs for this litigation because: (1) their motion for appointment is timely filed; (2) based on information presently available, they have the largest financial interest in this litigation; and (3) they are adequate and typical Class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same).  In addition, Movants' selection of

Scott+Scott to serve as Lead Counsel for the putative Class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott has a long history of successfully litigating securities class actions and possesses the necessary resources to aggressively prosecute this action on behalf of the putative Class.

## II.   FACTUAL BACKGROUND

On April 12, 2021, the first of five related putative class actions that are currently pending in this District was filed against FibroGen and certain officers and directors of FibroGen (collectively, "Defendants"), captioned *Xu v. FibroGen, Inc.,* No.: 3:21-cv-2623 (the "*Xu* Action"), on behalf of all persons who purchased or otherwise acquired FibroGen securities and/or sold put options from November 8, 2019 through and including April 6, 2021, inclusive, and who were damaged by the misconduct alleged in the Complaint (the "Class"). ¶13.[1] The *Xu* Action asserts claims under §§20A, 10(b), and 20(a) of the Exchange Act, 15 U.S.C. §§78t-1, 78j(b), and 78t(a). ¶2. The claims arise from alleged material misstatements made to investors regarding the Company's Phase 3 trial for roxadustat, its most advanced product. ¶¶20, 25-29.

Four similar actions were subsequently filed in this court, by the following plaintiffs, bearing the following docket numbers, for the following class periods:

| PLAINTIFF | DOCKET NUMBER | CLASS PERIOD |
|---|---|---|
| Robert Gutman | 4:21-cv-02725 | November 8, 2019 through April 6, 2021 |
| Cesare Grazioli | 3:21-cv-03212 | November 8, 2019 through April 6, 2021 |
| IBEW Local 353 Pension Plan | 3:21-cv-03396 | December 20, 2018 through April 6, 2021 |
| Thomas Leonard (the "*Leonard* Action") | 3:21-cv-03370 | October 18, 2017 through April 6, 2021 |

The five related, pending actions bring similar claims against the same Defendants, on behalf of similar classes of investors. The misstatement theories of the five cases are nearly idenitical. They

---

[1]   All "¶" and "¶¶" citations are to the Class Action Complaint, filed in the *Xu* Action on April 12, 2021 (ECF No. 1) (the "Complaint").

NOTICE OF MOTION AND MOTION OF STEFANO BRANCA AND GIULIANA MOLLO FOR
CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION
OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

all allege Defendants made materially false and/or misleading statements and/or failed to disclose material adverse facts about the Phase 3 roxadustat trial. The complaints all allege Defendants' misstatememts made roxadustat seem safer than it actually was.  *Compare* ¶29; Gutman Compl. ¶21; Grazioli Compl. ¶22; IBEW Compl. ¶33; Leonard Compl. ¶67.  The *Leonard* Action pleads the longest class period of October 18, 2017 through April 6, 2021, inclusive (the "Class Period").[2] Leonard Compl. ¶1.

## III.    ARGUMENT

### A.    The Above-Captioned Cases Should Be Consolidated

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D 129, 131 (S.D.N.Y. 2001).  "'In securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced.'" *Id.*; *see also Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564, 2005 WL 883008, at \*1 (S.D.N.Y. Apr. 13, 2005).

The five above-captioned actions present very similar factual and legal issues and allege the same violations of the federal securities laws against the same Defendants and on behalf of similar classes.  Because the above-captioned actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others and common questions of law and fact will predominate in these actions.  Accordingly, consolidation under Rule 42(a) is appropriate here.

---

[2]    "For purposes of appointing a lead plaintiff, the longest class period governs." *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-05368-LHK, 2014 WL 2604991, at \*1 n.3 (N.D. Cal. June 10, 2014).

3

**B.      Movants Should Be Appointed Co-Lead Plaintiffs**

**1.      Movants' Motion Is Timely**

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  15 U.S.C. §78u-4(a)(3)(A)(i).  Following the commencement of the *Xu* Action, on April 12, 2021, Counsel for Plaintiff Peifa Xu published notice of pendency of the action via *Newsfile.  See* Jasnoch Decl., Ex. A.  Because the Early Notice was published within 20 days of the initiating *Xu* Action, notice was timely.  *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at \*4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint").

All putative Class members seeking to be appointed lead plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice, or June 11, 2021.  15 U.S.C. §78u-4(a)(3)(A)-(B).  Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).  Moreover, Movants have submitted certifications stating their willingness to serve as representative parties on behalf of the Class.  *See* Jasnoch Decl., Ex. B.  Movants have also submitted a Joint Declaration demonstrating their adequacy.  *See* Jasnoch Decl., Ex. C.

**2.      Movants Have the Largest Financial Stake in the Relief Sought by the Class**

The PSLRA provides that courts: "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph."   15 U.S.C. §78u-4(a)(3)(B)(i). Furthermore, there is a "rebuttable presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at \*2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA

NOTICE OF MOTION AND MOTION OF STEFANO BRANCA AND GIULIANA MOLLO FOR
CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION
OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511, 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730). "District courts have typically considered the Olsten–Lax factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered"' *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (internal quotation marks omitted) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Movants are the individuals with the largest financial interest in the relief sought in this litigation. Movants suffered losses of approximately $459,000. *See* Jasnoch Decl., Ex. D. Given that Movants have the largest financial interest in this litigation and, as discussed below, satisfy all of the PSLRA prerequisites for appointment as lead plaintiff, they should be appointed Co-Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3.    Movants Are Otherwise Qualified Under Rule 23

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead

plaintiff and, at this stage, those findings need only be "preliminary." *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'" *Id*. Here, Movants' claims are typical of the claims of the other members of the putative Class because, like all other Class members, they: (1) purchased FibroGen securities during the Class Period; (2) were adversely affected by Defendants' alleged misconduct; and (3) suffered damages as a result thereof. *See Russo v. Finisair Corp.*, No. 5:CV 11-01252-EJD, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Movants are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, movants are adequate class representatives when they possess common interests and an absence of conflict with fellow class members and the movant's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate "'whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation'"). Movants satisfy the "adequacy" requirement in the instant litigation because their interests are clearly aligned with the interests of the putative Class. Moreover, Movants, like all other members of the Class, suffered losses as a result of purchasing FibroGen common stock during the Class Period. Movants will, therefore, benefit from the same relief as other Class members. In short, there is absolutely no evidence of antagonism between Movants and the putative Class. Finally, Movants are relatives who knew each other prior to this litigation. Jasnoch Decl., Ex. C at ¶¶3-4.

NOTICE OF MOTION AND MOTION OF STEFANO BRANCA AND GIULIANA MOLLO FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

Movants have also demonstrated that they are adequate representatives in this matter by retaining competent and experienced counsel. As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Movants have made a *prima facie* showing that they satisfy all of the requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Movants' Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35. As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

Movants have selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Jasnoch Decl., Ex. E. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[3]

---

[3] Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

7

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 08-cv-03758 (VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Blake v. MacroGenics, Inc.*, No. 8:19-cv-02713 (D. Md.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

In light of the foregoing, the Court should approve Movants' selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movants' choice of counsel, the putative Class will receive the highest caliber of representation.

## IV.   CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court consolidate the above-captioned cases, appoint them as Co-Lead Plaintiffs, and approve their selection of Scott+Scott to serve as Lead Counsel.

DATED:  June 11, 2021                    Respectfully submitted,

                                         **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                          *s/ John T. Jasnoch*
                                         John T. Jasnoch (CA 281605)

8

600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV
Rhiana L. Swartz
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-233-6444
Facsimile:  212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Attorneys for Lead Plaintiff-Movants Branca &
Mollo and Proposed Lead Counsel for the Class*

NOTICE OF MOTION AND MOTION OF STEFANO BRANCA AND GIULIANA MOLLO FOR
CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION
OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2021, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on June 11, 2021, at San Diego, California.

*s/ John T. Jasnoch*
JOHN T. JASNOCH (CA 281605)

10

NOTICE OF MOTION AND MOTION OF STEFANO BRANCA AND GIULIANA MOLLO FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF