John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

*Counsel for Lead Plaintiff-Movants*
*Stefano Branca and Giuliana Mollo*

[Additional Counsel on Signature Page.]

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEIFA XU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU,<br><br>Defendants. | No. 3:21-cv-02623-EMC<br><br>**OPPOSITION BY STEFANO BRANCA AND GIULIANA MOLLO IN RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF & LEAD COUNSEL** |
| ROBERT GUTMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIBROGEN, INC. ENRIQUE CONTERNO, and JAMES SCHOENECK,<br><br>Defendants. | No. 4:21-cv-02725-YGR |

*Caption continued on following page.*

| | |
|---|---|
| CESARE GRAZIOLI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU, <br><br> Defendants. | No. 3:21-cv-03212-CRB |
| IBEW LOCAL 353 PENSION PLAN, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FIBROGEN, INC. ENRIQUE CONTERNO, JAMES A. SCHOENECK, and K. PEONY YU, <br><br> Defendants. | No. 3:21-cv-03396-EJD |
| THOMAS LEONARD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU, <br><br> Defendants. | No. 3:21-cv-03370-EMC |

## **TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ..................................................................................................1

ARGUMENT ........................................................................................................................2

     I.     BRANCA AND MOLLO HAVE THE LARGEST FINANCIAL
           INTEREST OF ANY PROPER MOVANT ...........................................................2

     II.    THE RETIREMENT SYSTEMS GROUP IS NOT PROPER UNDER
           THIS COURT'S PRECEDENT ............................................................................4

     III.   SEPULVEDA HAS A MUCH SMALLER LOSS AND IS
           INADEQUATE...........................................................................................6

     IV.   BRANCA AND MOLLO ARE ADEQUATE AND TYPICAL AND
           SATISFY RULE 23 .........................................................................................7

CONCLUSION .....................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Africa v. Jianpu Tech. Inc.*,
No. 21-CV-1419 (JMF), 2021 WL 1999467 (S.D.N.Y. May 19, 2021) ...........................3

*Andrada v. Atherogenics, Inc.*,
No. 05-CV-00061 (RJH), 2005 WL 912359 (S.D.N.Y. Apr. 19, 2005)..............................7

*Applestein v. Medivation, Inc.*,
No. C 10-00998 MHP, 2010 WL 3749406 (N.D. Cal. Sept. 20, 2010)..............................6

*Aronson v. McKesson HBOC, Inc.*,
79 F. Supp. 2d 1146 (N.D. Cal. 1999) ..............................................................................2

*Aude v. Kobe Steel, Ltd.*,
No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...........................7

*Banerjee v. Avinger, Inc.*,
No. 17-CV-03400-CW, 2017 WL 4552063 (N.D. Cal. Oct. 11, 2017)..............................3

*Cohen v. Luckin Coffee Inc.*,
No. 1:20-cv-01293-LJL, 2020 WL 3127808 (S.D.N.Y. June 12, 2020) ...........................7

*Dura Pharmaceuticals, Inc. v. Broudo*,
544 U.S. 336 (2005)............................................................................................ *passim*

*In re Elan Corp. Sec. Litig.*,
No. 1:08-cv-08761-AKH, 2009 WL1321167 (S.D.N.Y. May 11, 2009) ...........................7

*Galmi v. Teva Pharms. Indus. Ltd.*,
302 F. Supp. 3d 485 (D. Conn. 2017)................................................................................6

*Isaacs v. Musk*,
No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) ................. *passim*

*Micholle v. Ophthotech Corp.*,
No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)..............................6

*Mulligan v. Impax Lab'ys, Inc.*,
No. C-13-1037 EMC, 2013 WL 3354420 (N.D. Cal. July 2, 2013)..............................2, 3

*Perlmutter v. Intuitive Surgical, Inc.*,
No. 10-CV-03451-LHK, 2011 WL 566814 (N.D. Cal. Feb. 15, 2011).......................... 3

*In re Petrobras Sec. Litig.*,
104 F. Supp. 3d 618 (S.D.N.Y. 2015)................................................................................6

*In re Stitch Fix, Inc. Sec. Litig.*,
393 F. Supp. 3d 833 (N.D. Cal. 2019) ..............................................................................6

*In re Telxon Corp. Sec. Litig.*,
67 F. Supp. 2d 803 (N.D. Ohio 1999)................................................................................7

**Statutes and Rules**

15 U.S.C. §78u–4(a)(3)(B)(i)..............................................................................................2
15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ........................................................................................1
15 U.S.C. §78u–4(a)(3)(B)(iii)(I)(bb)-(cc) .........................................................................2
15 U.S.C. §78u-4(a)(3)(B)(iii)(II)........................................................................................2
Fed. R. Civ. P. 23 ...........................................................................................................1, 2, 7

Lead Plaintiff movants and putative Class members Stefano Branca and Giuliana Mollo (together, "Branca and Mollo") respectfully submit this memorandum of law in opposition to the competing lead plaintiff motions filed by: (1) Employees' Retirement System of the City of Baltimore, City of Philadelphia Board of Pensions and Retirement, and Plymouth County Retirement Association (ECF No. 29) (the "Retirement Systems Group" or "Group")); and (2) Vicente Sepulveda (ECF No. 22).[1]

## SUMMARY OF ARGUMENT

Presently before the Court are three competing motions for appointment as lead plaintiff and approval of lead counsel. Under the PSLRA, the Court "shall" select as lead plaintiff the proper movant with the largest financial interest, as long as that movant is otherwise adequate and typical within the meaning of Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Here, Branca and Mollo, a group consisting of two family members, should be appointed co-lead plaintiffs because they have the largest financial interest of any proper movant and are adequate and typical. There is no reason to believe Branca and Mollo will not faithfully undertake their duties as Co-Lead Plaintiffs, and they have no conflicts with the Class. Further, Branca and Mollo have selected a capable and experienced national law firm to lead this class action, Scott+Scott Attorneys at Law LLP.

While two movants claim losses larger than Branca and Mollo, those claims are inconsistent with the decisions of this Court. One movant, the Retirement Systems Group, is a group of four separate pension funds from three different states who apparently came together for purposes of attempting to combine losses for the PSLRA leadership analysis. The Group should not be appointed lead plaintiff because it is an unrelated, "artificial" group that has not sufficiently demonstrated, under this Court's precedent, that it can work together for the benefit of the Class. In *Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018), this Court expressed strong "skeptic[ism]" of artificial groups like the Retirement Systems Group

---

[1] Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in Branca and Mollo's Motion. ECF No. 40. Competing movant Brett Richard withdrew his motion and Thomas Leonard filed notice of non-opposition. ECF Nos. 48-49.

OPPOSITION BY STEFANO BRANCA AND GIULIANA MOLLO IN RESPONSE TO COMPETING MOTIONS FOR
APPOINTMENT OF LEAD PLAINTIFF & LEAD COUNSEL
No. 3:21-cv-02623-EMC, *et al.*

because "appointing a group of unrelated investors undercuts the primary purpose of the PSLRA: to eliminate lawyer-driven litigation." *Id.*, at \*2. Thus, in *Musk,* this Court rejected an artificial group whose leadership application was substantially similar to the one made by the Retirement System Group in this case. Applying *Musk* in this case similarly disqualifies the Retirement System Group.

Sepulveda also purports to have a greater loss than Branca and Mollo but his stated loss of $946,000 is overstated because the vast majority is "in and out" and therefore not recoverable under Supreme Court precedent, *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). This Court has indicated that a cognizable loss under *Dura* is the proper measure of financial interest for the purpose of weighing lead plaintiff motions. *Mulligan v. Impax Lab'ys, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at \*5-7 (N.D. Cal. July 2, 2013). When properly calculated, consistent with the Court's precedent, Sepulveda has the smallest loss of any remaining movant.

Accordingly, the Court should deny all the competing lead plaintiff motions and grant Branca and Mollo's motion in full.

## ARGUMENT

### I. BRANCA AND MOLLO HAVE THE LARGEST FINANCIAL INTEREST OF ANY PROPER MOVANT

The PSLRA sets up a straightforward leadership selection process wherein the "person or group of persons" with the largest loss is the presumptive lead plaintiff and must be appointed lead so long as it is otherwise adequate and typical within the meaning of Rule 23. 15 U.S.C. §78u–4(a)(3)(B)(i) and (iii)(I)(bb)-(cc). Other movants can rebut the lead plaintiff presumption by "present[ing] evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy." *Id.* The presumption may be rebutted if the movant (1) "will not fairly and adequately protect the interests of the class" or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). A "group of persons" with a prelitigation relationship is a proper lead plaintiff movant. *E.g., Aronson v. McKesson HBOC, Inc*., 79 F. Supp. 2d 1146, 1153-54 (N.D. Cal. 1999) (family members are a "classic example" of a proper movant group that can aggregate losses even under the strictest

2

approach); *Banerjee v. Avinger, Inc.*, No. 17-CV-03400-CW, 2017 WL 4552063, at *2 (N.D. Cal. Oct. 11, 2017) (evidence of pre-existing relationship sufficient for grouping). But "courts have [] been skeptical of [*unrelated*] 'artificial' groups" and often refuse to appoint them. *Musk*, 2018 WL 6182753, at *3. Branca and Mollo are a proper group who are moving together because they are family members who knew each other prior to this litigation and who approached counsel together. There is therefore no question that their losses can and should be counted together. Together they have the largest cognizable loss of any proper movant.

This Court looks to a movant's *Dura* loss when assessing the largest financial interest for purposes of the PSLRA. In *Dura*, the Supreme Court held that "not all losses incurred during a class period will be compensable." *Impax Lab'ys*, 2013 WL 3354420, at *5. "Where a plaintiff sustained losses during a class period, but these losses stem from stocks sold before the alleged fraud was revealed, these losses would generally not be traceable to the fraud, but instead to ordinary market forces." *Id.* As a result, many courts around the country, including this Court, have found that such "in and out" losses should not be counted for the purpose of determining who has the largest financial interest in a lead plaintiff contest. *E.g., id.*, at *7; *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *5 (N.D. Cal. Feb. 15, 2011); *Africa v. Jianpu Tech. Inc.*, No. 21-CV-1419 (JMF), 2021 WL 1999467, at *1 (S.D.N.Y. May 19, 2021) ("courts have recognized that 'losses resulting from in-and-out transactions, which took place during the class period, but before the misconduct identified was ever revealed to the public are not to be included in loss calculations for purposes of selecting lead plaintiff'").[2] To calculate a movant's *Dura* loss, any losses suffered prior to the first disclosure date pled in any of the related complaints (here, May 9, 2019) – losses that are purely "in and out" – should not be counted.[3]

The *Dura* analysis is significant in this case because both Sepulveda and a member of the Retirement Systems Group had a large amount of in and out trading, and so their losses are

---

[2]    Unless otherwise noted, citations are omitted and emphasis is added.

[3]    There are three pled disclosure dates in the related complaints; the first is May 9, 2019. *See IBEW Local 353* Compl. ¶¶23, 40.

OPPOSITION BY STEFANO BRANCA AND GIULIANA MOLLO IN RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF & LEAD COUNSEL
No. 3:21-cv-02623-EMC, *et al.*

overstated as a matter of law. As shown in the chart below, removing the overstatement, Branca and Mollo have the largest loss of any proper movant:

| Movant | *Dura* Loss | Claimed Loss |
|---|---|---|
| 1. Branca & Mollo | $459,056 | $459,056 |
| 2. Philadelphia | $350,057 | $475,238 |
| 3. Plymouth | $349,984 | $350,451 |
| 4. Baltimore Employees' | $302,064 | $302,064 |
| 5. Baltimore F&P | $203,190 | $203,190 |
| 6. Sepulveda | $143,339 | $946,647 |

Because, as explained below, the Retirement Systems Group is not proper, the four constituent members of the Group, pension funds from Plymouth, Massachusetts, Baltimore, Maryland, and Philadelphia, Pennsylvania, are presented separately on lines 2-5 above. Notably, as the chart demonstrates, the Retirement Systems Group is relying on aggregating losses in order to claim the largest loss. Considered separately, the largest loss asserted by a member of the Retirement Systems Group is less than that asserted by Branca and Mollo.

## II. THE RETIREMENT SYSTEMS GROUP IS NOT PROPER UNDER THIS COURT' S PRECEDENT

The four-member Retirement Systems Group is "artificial" under this Court's recent caselaw and should not be permitted. The loss presented by the Retirement Systems Group, a *Dura* loss of approximately $1.2 million, is the combined loss of four separate pension fund entities from three different states. ECF No. 30-3 (Group's Loss Chart). In *Isaacs v. Musk*, Your Honor considered a similar application to appoint a group of unrelated investors as lead plaintiff and rejected it. 2018 WL 6182753, at *2. The same result should occur here.

In *Musk*, the Court considered and rejected a leadership motion from a group of unrelated investors, the Tesla Investor Group ("TIG"). *Id.* Like the Retirement Systems Group did here, TIG submitted a joint declaration in an attempt to support their ability to serve as an unrelated lead plaintiff group. *Id.* at *2-3. The Court began its analysis by expressing skepticism about such groups because, in the Court's view, the appointment of groups of unrelated investors has the potential to undermine the PSLRA's policy goal of discouraging lawyer driven litigation. *Id.*

OPPOSITION BY STEFANO BRANCA AND GIULIANA MOLLO IN RESPONSE TO COMPETING MOTIONS FOR
APPOINTMENT OF LEAD PLAINTIFF & LEAD COUNSEL
No. 3:21-cv-02623-EMC, *et al.*

Accordingly, the Court agreed with Judge Alsup's holding that a "'group' of unrelated investors with no decisionmaking structure and no connection other than counsel' could not qualify as a candidate for lead plaintiff." *Id*. at 2.

Applying *Musk* to the present case, there is no dispute that the "Retirement Systems Group" is comprised of unrelated investors that have "no connection other than counsel." *Id.* There is no claimed preexisting relationship uniting these four investors located in different cities. With respect to their organizational structure, the Retirement Systems Group has filed a Joint Declaration very similar to the one rejected in *Musk*. ECF No. 30-4. It includes nearly identical boilerplate language stating that the group members will be able to work together but, like in *Musk*, it offers very little in the way of specifics to back that up. Just like the Joint Declaration submitted by TIG, the Retirement Systems Group state that they "participated in only one joint call prior to filing the motion for appointment," something the Court did not approve of in *Musk*. *Musk,* at *3*; ECF No. 30-4 ¶10. Moreover, like with TIG, the Retirement System Group's "decision making structure does not appear to be robust." *Musk,* at *3. On this subject, the Retirement System Group again used language very similar to that found lacking in *Musk*; specifically, stating that the Group would "make all decisions jointly," does not "anticipate that any disagreements [ ] will arise and are committed to making all efforts, in good faith, to reach consensus with respect to litigation decisions," and "agree to resolve such disagreement by a majority vote[.]" *Compare* ECF No. 30-4 ¶11 *with Musk,* at *3 (rejecting movant group that claimed it "will exercise joint decision-making and work together in this litigation to actively monitor the activities of counsel; [did] not anticipate that any disagreements [would] arise and agree[d] to make all efforts, in good faith, to reach consensus with respect to all litigation decisions; and that, if there are disagreements, we agree to put the decision at issue to a vote and to take the course of action favored by the majority of our group's members").

OPPOSITION BY STEFANO BRANCA AND GIULIANA MOLLO IN RESPONSE TO COMPETING MOTIONS FOR
APPOINTMENT OF LEAD PLAINTIFF & LEAD COUNSEL
No. 3:21-cv-02623-EMC, *et al.*

Accordingly, consistent with *Musk*, the Court should reject the Retirement Systems Group.[4] Notably, the Retirement Systems Group did not acknowledge this Court's ruling in *Musk* or explain why the decision is distinguishable. Should the Retirement Systems Group attempt to argue that their status as pension funds is a factual distinction, that is not the case. Courts reject unrelated pension fund groups for the same reasons they reject groups of other kinds of unrelated investors. *See, e.g., In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622-23 (S.D.N.Y. 2015) (rejecting group of three pension funds); *Galmi v. Teva Pharms. Indus. Ltd.*, 302 F. Supp. 3d 485, 496 (D. Conn. 2017) (rejecting group of two pension funds and one individual investor).

## III.    SEPULVEDA HAS A MUCH SMALLER LOSS AND IS INADEQUATE

As discussed *supra*, for the purpose of calculating his loss under *Dura*, Sepulveda should not have counted any losses that that he incurred prior to the first corrective disclosure date, May 9, 2019. This erases the vast majority of Sepulveda's loss. Of his purported $300,000 loss on his common stock, *only $5,000* was suffered after the first disclosure, the rest was "in and out" and not recoverable under *Dura*. Of his purported $646,000 loss on options, *only $138,000* was not "in and out" before May 9, 2019. Sepulveda thus clearly has a smaller financial interest in this case than Branca and Mollo.

In addition, that Sepulveda's loss is almost entirely tied to options makes him inadequate and atypical. Recently, in *In re Stitch Fix, Inc. Sec. Litig.,* Judge Donato considered the adequacy and typicality of a movant who "sold only [ ] put options during the class period and [ ] did not buy or sell any [ ] common stock." 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019). Judge Donato ruled that these facts demonstrated inadequacy and atypicality, rejecting the movant. *Id.* Other courts in this District and elsewhere have issued similar rulings. *See, e.g., Applestein v. Medivation, Inc.*, No. C 10-00998 MHP, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010); *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *9 (S.D.N.Y. Mar.

---

[4]    The members of the Retirement System Group have not asked to be appointed separately, in the alternative. Therefore, the Court should not consider the members separately. However, under such an analysis, Branca and Mollo have a significantly larger loss than any individual member of the Retirement Systems Group. *See supra* at Point I.

OPPOSITION BY STEFANO BRANCA AND GIULIANA MOLLO IN RESPONSE TO COMPETING MOTIONS FOR
APPOINTMENT OF LEAD PLAINTIFF & LEAD COUNSEL
No. 3:21-cv-02623-EMC, *et al.*

13, 2018) (movant that "traded almost exclusively in put and call options" was atypical "[b]ecause options traders may 'introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and could subject the class to unique defenses, causing unnecessary conflict'"); *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL1321167, at *2 (S.D.N.Y. May 11, 2009) (same); *Andrada v. Atherogenics, Inc.*, No. 05-CV-00061 (RJH), 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005) (finding options trader atypical and inadequate and noting absence of cases "in which an option holder was deemed to be an appropriate lead plaintiff for an entire securities fraud class action").

## IV.    BRANCA AND MOLLO ARE ADEQUATE AND TYPICAL AND SATISFY RULE 23

In their opening papers, Branca and Mollo established that they satisfy the "preliminary" Rule 23 inquiry. *See* ECF No. 40 at 5-7. They are clearly typical of the putative Class. Like all members of the Class, they purchased FibroGen securities during the Class Period, have claims that arise from the alleged misleading statements, and suffered economic injuries thereby. *See, e.g., Cohen v. Luckin Coffee Inc.*, No. 1:20-cv-01293-LJL, 2020 WL 3127808, at *6 (S.D.N.Y. June 12, 2020); *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *4 (S.D.N.Y. Apr. 4, 2018). They are also adequate because they have no conflicts of interest with the other members of the Class and no unique defenses, have sufficient interest in the outcome of the case (approximately $459,000 in *Dura* damages), and have selected counsel that is qualified, experienced, and generally able to conduct this litigation. *Id.*

Branca and Mollo are an appropriate group because they are family members who had a relationship prior to this litigation. Branca is the son of Mollo's cousin. ECF No. 41-3 at ¶¶3-4. Family members may move as a group under the PSLRA. *Aronson,* 79 F. Supp. 2d at 1153*; In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 823 (N.D. Ohio 1999) (naming two brothers as lead plaintiffs).

Branca and Mollo have also demonstrated they are adequate representatives by retaining competent and experienced counsel. Scott+Scott is an international law firm that specializes in securities class action cases throughout the country and has significant resources to litigate this

case. Scott+Scott consists of over 110 team members, including 70 highly experienced attorneys. Scott+Scott also includes a team of paralegals, legal assistants, and other support staff including in-house investigators and an e-discovery litigation support group. Scott+Scott has a large presence in California and its San Diego office has 20 attorneys.

Scott+Scott has a long track record of successfully litigating securities class actions in this District and other state and federal courts across the country. In 2019, acting as sole lead counsel, Scott+Scott settled *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.), for $50 million. In addition, Scott+Scott has litigated, and continues to litigate, many securities class actions across the country. *See* ECF Nos. 40 at 7-8, 41-4. Most recently, Scott+Scott was appointed lead counsel in *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936-BLF (N.D. Cal.), and is serving as additional counsel in *In re Vaxart, Inc. Sec. Litig.*, No. 3:20-cv-05949-VC (N.D. Cal.). Scott+Scott's resources and experience will well serve the putative Class.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their motion and enter an Order: (1) consolidating the above-captioned cases; (2) appointing Branca and Mollo as Co-Lead Plaintiffs; (3) approving their selection of Scott+Scott as Lead Counsel for the Class; (4) denying all competing Lead Plaintiff motions; and (5) granting such other relief as the Court may deem just and proper.

DATED: June 25, 2021                  Respectfully submitted,

                                      **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                       *s/ John T. Jasnoch*
                                      John T. Jasnoch (CA 281605)
                                      600 W. Broadway, Suite 3300
                                      San Diego, CA 92101
                                      Telephone: 619-233-4565
                                      Facsimile: 619-233-0508
                                      jjasnoch@scott-scott.com

                                      **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                      Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
                                      Rhiana L. Swartz
                                      The Helmsley Building
                                      230 Park Avenue, 17th Floor

OPPOSITION BY STEFANO BRANCA AND GIULIANA MOLLO IN RESPONSE TO COMPETING MOTIONS FOR
APPOINTMENT OF LEAD PLAINTIFF & LEAD COUNSEL
No. 3:21-cv-02623-EMC, *et al.*

New York, NY 10169
Telephone: 212-233-6444
Facsimile:  212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Attorneys for Lead Plaintiff-Movants Branca and
Mollo and Proposed Lead Counsel for the Class*

OPPOSITION BY STEFANO BRANCA AND GIULIANA MOLLO IN RESPONSE TO COMPETING MOTIONS FOR
APPOINTMENT OF LEAD PLAINTIFF & LEAD COUNSEL
No. 3:21-cv-02623-EMC, *et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2021, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on June 25, 2021, at San Diego, California.

*s/ John T. Jasnoch*
JOHN T. JASNOCH (CA 281605)

OPPOSITION BY STEFANO BRANCA AND GIULIANA MOLLO IN RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF & LEAD COUNSEL
No. 3:21-cv-02623-EMC, *et al.*