John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

*Counsel for Lead Plaintiff-Movants*
*Stefano Branca and Giuliana Mollo*

[Additional Counsel on Signature Page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEIFA XU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU,<br><br>Defendants. | No. 3:21-cv-02623-EMC<br><br>**REPLY BY STEFANO BRANCA AND GIULIANA MOLLO IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS & SELECTION OF LEAD COUNSEL AND IN RESPONSE TO COMPETING OPPOSITIONS** |
| ROBERT GUTMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIBROGEN, INC. ENRIQUE CONTERNO, and JAMES SCHOENECK,<br><br>Defendants. | No. 4:21-cv-02725-YGR<br><br><br>**Hearing Date:  July 22, 2021**<br>**Hearing Time:  1:30PM** |

*Caption continued on following page.*

REPLY BY STEFANO BRANCA AND GIULIANA MOLLO IN FURTHER SUPPORT OF THEIR MOTION FOR
APPOINTMENT AS CO-LEAD PLAINTIFFS & SELECTION OF LEAD COUNSEL AND IN RESPONSE TO COMPETING
OPPOSITIONS
No. 3:21-cv-02623-EMC, *et al.*

| CESARE GRAZIOLI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU,<br><br>Defendants. | No. 3:21-cv-03212-CRB |
|---|---|
| IBEW LOCAL 353 PENSION PLAN, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIBROGEN, INC. ENRIQUE CONTERNO, JAMES A. SCHOENECK, and K. PEONY YU,<br><br>Defendants. | No. 3:21-cv-03396-EJD |
| THOMAS LEONARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU,<br><br>Defendants. | No. 3:21-cv-03370-EMC |

Lead Plaintiff-Movants and putative Class members Stefano Branca and Giuliana Mollo (together, "Branca and Mollo") respectfully submit this reply memorandum of law in further support of their motion to be appointed lead plaintiff and in response to the competing lead plaintiff motion oppositions filed by:  (1) Employees' Retirement System of the City of Baltimore, City of Philadelphia Board of Pensions and Retirement, and Plymouth County Retirement Association (ECF Nos. 29, 52); and (2) Vicente Sepulveda (ECF Nos. 22, 50).[1]

## SUMMARY OF ARGUMENT

Presently before the Court are three competing motions seeking appointment as lead plaintiff of the above-captioned securities class actions.   The PSLRA and the Ninth Circuit have set a straightforward test for determining the most "appropriate" movant for appointment.  First, the Court must determine which movant has the largest financial interest; and second, the Court appoints that movant as long as it is otherwise adequate and typical within the meaning of Rule 23. *See* 15 U.S.C. §78-u4(a)(3)(B)(iii)(I)(bb); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

Under this test, Branca and Mollo should be appointed.  The only movant with a larger loss than Branca and Mollo is the aggregated, "artificial" Retirement Systems Group.  This Court has rejected plaintiff movant groups like the Group at least twice in the last few years, on adequacy grounds, and the same end should result here.  The Group's Joint Declaration does not adequately demonstrate how the three-member group (representing four pension funds in three states) will cooperate effectively to lead this litigation, in order to overcome the "skepticism" this Court has expressed regarding similar groups.

Sepulveda claims a larger financial interest than Branca and Mollo, but this claim is wrongly inflated by including "in and out" losses that are not cognizable under U.S. Supreme Court precedent and not appropriate for consideration at the lead plaintiff stage.  Without those "in and out" losses, Sepulveda's financial interest is far less than Branca and Mollo's.  Furthermore, Sepulveda has atypical trading patterns, including that the majority of his losses come from options

---

[1]     Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in Branca and Mollo's Motion.  ECF No. 40.

1

transactions and not stock transactions, and a history of public commentary on the Company, both of which create unique defenses that could endanger the Class. The Class needs a representative that can satisfy the adequacy requirements of Federal Rule of Civil Procedure 23, in order to be certified.

Branca and Mollo are therefore the presumptive lead plaintiffs, and that presumption has not been rebutted. The *only* objection to Branca and Mollo's presumption is made in a footnote; Movants signed their supporting PSLRA Certifications, in Italy, "under penalty of perjury" rather than "under penalty of perjury under the laws of the United States." *See* ECF No. 41-2 (Certifications); ECF No. 52 at 19 n.9 (Group Opp.). Branca and Mollo have filed corrected Certifications herewith (*see* Exhibit A); in addition, their original Certifications stated that they had "reviewed the related complaints in this case" and those complaints clearly state that the cases are pending in the United States. ECF No. 41-2 at ¶1; *see also* Complaint. There is, therefore, no reason that Branca and Mollo should not be appointed Co-Lead Plaintiffs.

## ARGUMENT

### I.    The Retirement Systems Group Is an Improper, Artificial Group

In the past three years, this Court has twice rejected movant groups, like the Retirement Systems Group, comprised of individuals and/or entities with no connection other than their attorneys. *Haideri v. Jumei Int'l Holding Ltd.*, No. 20-CV-02751-EMC, 2020 WL 5291872, at *3 (N.D. Cal. Sept. 4, 2020); *Isaacs v. Musk*, No. 18-cv-04865-EMC, 2018 WL 6182753, at *3 (N.D. Cal. Nov. 27, 2018). The Retirement Systems Group should be similarly rejected.

"In evaluating adequacy, the Court must first take into account that the [Retirement Systems] Group is – as its name reflects – a group, and not a single person or entity. . . . [C]ourts have often looked with skepticism at "artificial groups," *i.e.*, groups made up of persons or entities that did not have a pre-litigation relationship." *Jumei*, 2020 WL 5291872, at *3. The way this Court takes the group nature of the Group into account is by closely examining its joint declaration for concrete evidence that the group will effectively lead counsel. *Musk*, 2018 WL 6182753, at *3. The Court also considers certain factors: "(1) the existence of a pre-litigation relationship

2

between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Jumei*, 2020 WL 5291872, at *4. For the same reasons, the joint declaration failed in *Musk*, including some of the exact same language, the Group's Joint Declaration fails to describe its efforts with the degree of concreteness and specificity required by this Court. *See* Branca and Mollo's Opposition (ECF No. 51) at 4-6. Moreover, only one of the five factors weights towards accepting the Group, the sophistication of its members. The other four factors are not satisfied.

The Group argues that it should be appointed anyway because two of its members have larger individual losses than Branca and Mollo, Philadelphia and Baltimore Employees. ECF No. 52 at 5-6. This is incorrect. As the Group admits and strenuously argues regarding Sepulveda's losses (*see* ECF No. 52 at 2 & 9), the proper measure of loss is one that does not count "in and out" losses suffered prior to the first corrective disclosure, which occurred on May 9, 2019. Because Philadelphia had some "in and out" losses before May 9 (they sold stock in nine transactions in 2018 and one in early 2019, *see* ECF No. 30-3 at 3), their loss, under Supreme Court precedent, is approximately $350,000, more than $100,000 less than Branca and Mollo's loss. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005); *see also* ECF No. 51 at 3-4. Baltimore Employees only suffered a larger loss than Branca and Mollo if their losses are combined with losses assigned to them by Baltimore F&P.

Even if one of the Group's members had a larger loss than Branca and Mollo, it should not be appointed. In *Jumei*, two of the artificial group's members had larger losses than the competing movant, and Your Honor still rejected the group. *Jumei,* 2020 WL 5291872, at *3 n.1.

## II.    Sepulveda Has a Much Smaller Loss and Is Inadequate

As explained in Branca and Mollo's Opposition, Sepulveda suffered a cognizable loss of approximately $143,000 under *Dura*.[2] The vast majority of his loss, nearly $750,000, was "in and

---

[2]    The Group calculated Sepulveda's cognizable loss at under $100,000. ECF No. 52 at 9.

3

out" *prior* to the first pled loss causation event, May 9, 2021. Those "in and out" losses are not to be considered for the purpose of determining his financial interest. *Mulligan v. Impax Labs., Inc.*, No. C-13-1037-EMC, 2013 WL 3354420, at *5-7 (N.D. Cal. July 2, 2013); *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *5 (N.D. Cal. Feb. 15, 2011). His financial interest in this case is thus far less than Branca and Mollo's.

In addition, that Sepulveda's loss is almost entirely derived from options transactions rather than common stock transactions makes him inadequate and atypical. *In re Stitch Fix, Inc. Secs. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019); *Applestein v. Medivation, Inc.*, No. C 10-00998 MHP, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010); *Micholle v. Ophthotech Corp.*, No. 17-CV-210, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018); *In re Elan Corp. Secs. Litig.*, No. 1:08-cv-08761, 2009 WL1321167, at *2 (S.D.N.Y. May 11, 2009); *Andrada v. Atherogenics, Inc.*, No. 05-CV-00061, 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005).

Finally, as uncovered by the Retirement Systems Group (ECF No. 52 at 11-12), Sepulveda is also subject to unique defenses regarding his online posts about the Company and its stock price, some of which seem to directly conflict with the claims in these actions. There is no doubt that these statements will be raised by Defendants at the class certification stage and could result in the Class not being certified. "'Where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation,' certification for the class is improper because he or she can no longer act in the best interest of the class.'" *Rocco v. Nam Tai Elecs., Inc.*, 245 F.R.D. 131, 135 (S.D.N.Y. 2007); *see also, e.g.*, *Musk*, 2018 WL 6182753, at *2-3 (discussing unique defenses at the lead plaintiff stage).

## III.    Branca and Mollo Should Be Appointed Co-Lead Plaintiffs

Branca and Mollo are family members with a relationship that predates this litigation and are therefore a proper movant group.[3] They have the largest financial interest in this case (other

---

[3]    No competing movant opposes aggregating Branca and Mollo's losses for the purpose of determining which movant has the largest financial interest and no competing movant has argued that Branca and Mollo are an improper, "artificial" group.

than the improper Retirement Systems Group), an approximate loss of $459,000.  This loss was suffered on 21,549 shares that were all held (or, retained) through the end of the Class Period, and therefore through all three pled corrective disclosures.  ECF No. 41-4 (Loss Chart); *see* ECF No. 51 at 3 n.3.  Unlike the vast majority of Sepulveda's loss, and a portion of the Retirement Systems Group's loss, Branca and Mollo's entire loss is recoverable under *Dura*.  They have demonstrated that they are preliminarily adequate and typical, and no competing movant has offered any evidence to rebut their lead plaintiff presumption.

The only objection to Branca and Mollo's adequacy is made by the Retirement Systems Group in a footnote (ECF No. 52 at 13 n.9).  The Retirement Systems Group argues that Branca and Mollo's motion should be rejected because their Certifications were signed "under penalty of perjury," but not "under penalty of perjury under the laws of the United States."  *See* 28 U.S.C. 1746.  The only authority offered for this argument is an easily distinguishable case where the certification was *entirely* missing the phrase "under penalty of perjury."  ECF No. 52 at 13 n.9 (citing *Nasin v. Hongli Clean Energy Techs. Corp.*, No. CV 2:17-3244, 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017)).  Branca and Mollo's Certifications also include testimony that they "reviewed the related complaints in this case."  ECF No. 41-2 at 2, ¶1 & 4, ¶1.  The complaints clearly state that the cases are pending in the United States.  We submit nothing more is required under federal law.  *See* 28 U.S.C. 1746 (stating the "under penalty of perjury under the laws of the United States" language must exist on a certification "in **substantially** [that] form") (emphasis added); 15 U.S.C. §78u–4(a)(2) (PSLRA certification requirements).  In any event, Branca and Mollo provide herewith revised certifications that include the language "under penalty of perjury under the laws of the United States of America."  *See* Exhibit A.  This issue being resolved, there is no objection to Branca and Mollo's adequacy and typicality and they are clearly the "most adequate" and should be appointed Co-Lead Plaintiffs.

## **CONCLUSION**

Branca and Mollo respectfully request that the Court grant their motion and enter an Order: (1) consolidating the above-captioned cases; (2) appointing Branca and Mollo as Co-Lead

5

Plaintiffs; (3) approving their selection of Scott+Scott as Lead Counsel for the Class; (4) denying all competing Lead Plaintiff motions; and (5) granting such other relief as the Court may deem just and proper.

DATED:  July 2, 2021                          Respectfully submitted,

                                             **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                              *s/ John T. Jasnoch*
                                             John T. Jasnoch (CA 281605)
                                             600 W. Broadway, Suite 3300
                                             San Diego, CA 92101
                                             Telephone: 619-233-4565
                                             Facsimile:  619-233-0508
                                             jjasnoch@scott-scott.com

                                             **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                             Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
                                             Rhiana L. Swartz
                                             The Helmsley Building
                                             230 Park Avenue, 17th Floor
                                             New York, NY 10169
                                             Telephone: 212-233-6444
                                             Facsimile:  212-233-6334
                                             tlaughlin@scott-scott.com
                                             rswartz@scott-scott.com

                                             *Attorneys for Lead Plaintiff-Movants Branca and Mollo and Proposed Lead Counsel for the Class*

REPLY BY STEFANO BRANCA AND GIULIANA MOLLO IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS & SELECTION OF LEAD COUNSEL AND IN RESPONSE TO COMPETING OPPOSITIONS
No. 3:21-cv-02623-EMC, *et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2021, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on July 2, 2021, at San Diego, California.

*s/ John T. Jasnoch*
JOHN T. JASNOCH (CA 281605)

REPLY BY STEFANO BRANCA AND GIULIANA MOLLO IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS & SELECTION OF LEAD COUNSEL AND IN RESPONSE TO COMPETING OPPOSITIONS
No. 3:21-cv-02623-EMC, *et al.*